McWhorter *et al.* *v.* Bank of Menlo *et al.; et, vice versa.*

Atkinson, J. A tax-collector of a county, elected in 1920 for a term of four years commencing January 1, 1921, executed a bond on which were seventeen sureties. The bond was payable to the Governor of the State then incumbent and his successors in office. The condition of the bond was for the faithful discharge by the principal of "all and singular the duties required of him by virtue of his said office of tax-collector, as aforesaid, during the time he continues therein, or discharges any of the duties thereof." The officer had been in office during the preceding term which expired December 31, 1920. During the preceding term defalcations occurred amounting to $13,715.44, and there was failure to pay the amount of such defalcations on final settlement which occurred in June next after the beginning of the new term. The county issued execution against the principal and the seventeen sureties named in the above-mentioned bond, for the amount of the defalcations. After the levy of the execution on the property of the sureties an affidavit of illegality was interposed on the ground, among others, that the defalcations occurred prior to execution of the bond, and consequently that the sureties were not liable for the defalcations. A demurrer was interposed on behalf of the county, which the court sustained, thereby holding the sureties on the bond liable for the defalcations. After that judgment fifteen of the sureties paid off the amount of the defalcations. During the year 1920 the principal as tax-collector deposited in the bank from the collection of taxes for that year the following items: Nov. 10th, 1920, $75.19; Nov. 25th, 1920, $785.54; Dec. 14th, 1920, $2,110.74; Dec. 14th, 1920, $2,034.20; Dec. 30th, 1920, $42.28; Jan. 18th, 1921, $226.00. The bank account showed the letters "T. C." following the name of the principal, it being known by the bank that the principal was the tax-collector of the county, and it being intended by the parties that the account should be the account of the principal as tax-collector of the county. Checks were drawn against this account by the principal on December 14th and December 27th, 1920, for $838.50 and $2,687.42, respectively. The checks were signed in the individual name of the principal without the letters "T. C.," and were for the purpose of paying (1) a note to the bank due by the principal individually, and (2) a debt owed by the principal individually to another person, the bank having knowledge that it was intended for such purpose. Ten of the sureties who had paid off the defalcations first above mentioned instituted an action against the bank and five of their cosureties who had participated in paying the defalcations, alleging that the latter had refused to join as parties plaintiff, and that they were merely made parties defendant in order that a decree might be rendered binding all parties at interest. The petition as amended alleged all that is stated above, and substantially the following: The deposit in the bank was funds of the county. The bank, knowing that fact, aided the principal in his conversion of the county's funds in manner above set forth, and thereby became liable to the county for the amount of the said two checks, besides interest thereon at the rate of seven per cent. per annum. The

above-described conversion was a part of the $13,715.44, defalcations hereinbefore described; and petitioners, having paid the county said entire amount of defalcations, became subrogated to the rights of the county to proceed against the bank for the amount it had wrongfully paid out on the said individual checks of the principal. The prayer was for a judgment for themselves and their cosureties who were named as defendants, for the amount that was alleged to have been converted, and for process. A demurrer to the petition as amended was overruled. At the conclusion of the evidence offered by the plaintiffs the court directed a verdict for the defendants. The plaintiffs' motion for a new trial was overruled, and they excepted. The defendants by cross-bill of exceptions assigned error on exceptions pendente lite to the judgment overruling the demurrer to the petition as amended. *Held:*

1. It does not appear that the bank was a party to the illegality proceedings, and consequently the judgment of the trial court sustaining the demurrer filed on behalf of the county, and holding that the sureties were liable to the county for the amount of the defalcations, was not binding upon the bank.

2. The bond set out in the petition was a statutory bond for protection of the State under the first clause of Civil Code § 1207, which provides: "He shall . . give bond and security for thirty-three and one third per cent. more than the State tax supposed to be due from the county for the year for which said officer is required to give bond, the amount of the bond to be filled up by the comptroller-general before being sent out to the county from the Executive office; and shall give another bond with sufficient security, payable to the ordinary, conditioned for the faithful performance of his duties as collector of the county tax, in a sum to ·be fixed by such ordinary." The said bond so set out in the petition does not amount to insurance of ,the county against loss by defalcations, by the principal, of county funds under the second clause of the above-quoted code section. Accordingly the petition fails to allege facts which show that the petitioners, as security on the bond set out in the petition, were liable under that bond to the county for alleged defalcations of county funds.

3. Payment to the county by sureties on the above-mentioned bond for defalcations of county funds was voluntary, and does not afford the sureties making such payment grounds for equitable subrogation to the rights of the county as against the bank which was alleged to have aided the tax-collector in misappropriating the funds of the county. Accordingly it was erroneous to ·overrule the demurrer to the petition.

(*a*) The introduction in evidence, on the further trial of the case, of the statutory bond signed by the same principal and sureties, conditioned as in the second clause of Civil Code, § 1207, for the protection of the county, will not aid the ·plaintiffs' case on demurrer, and can not be considered on the question of whether the demurrer to the petition as amended should have been sustained.

(*b*) In view of the foregoing rulings, it becomes unnecessary to deal with any other questions raised by demurrer, and no ruling will be made on any assignment of error relating to such questions.

4. The error in overruling the demurrer to the petition entered into the

further progress of the case, and rendered all subsequent rulings nugatory.

*Judgment on each bill of exceptions reversed. All the Justices concur.*

Nos. 4480, 4481. SEPTEMBER 15, 1925.

Equitable petition. Before Judge Tarver. Chattooga superior court. July 19, 1924.

*C. D. Rivers, Rosser & Shaw, Porter & Mebane,* and *Denny & Wright,* for plaintiffs.

*Maddox, Matthews & Owens* and *J. M. Bellah,* for defendants.