## McWHORTER *et al.* v. BANK OF MENLO *et al.*

Where sureties on a statutory bond of a tax-collector filed suit against a bank, alleging that the tax-collector had defaulted in accounting to the county for its funds arising from the collection of taxes, that the tax-collector carried an account in the bank in his name "as tax-collector," that the bank had knowledge that the funds deposited by said officer as tax-collector were funds belonging to the county arising from the collection of taxes, and that the bank had paid from such funds and charged to said account individual checks of said officer for the individual benefit of said officer, and attached as an exhibit to said suit a copy of the bond executed as indemnity to the State and payable to the Governor; and where this court held that such a suit was subject to general demurrer and should have been dismissed, and before the judgment of this court became the judgment of the trial court the petitioner offered an amendment striking from the petition the bond made payable to the Governor and substituting therefor the statutory bond made payable to the ordinary, it was error to reject the amendment. The petition as amended alleged a cause of action, and the amendment did not make a new and different cause.

No. 5224.   SEPTEMBER 11, 1926.

Equitable petition. Before Judge Maddox. Chattooga superior court.   December 5, 1925.

*C. D. Rivers, Rosser & Shaw, Porter & Mebane,* and *Denny & Wright,* for plaintiffs.

*Maddox, Matthews & Owens* and *J. M. Bellah,* for defendants.

Pleading, 31 Cyc. p. 415, n. 34; p. 459, n. 59 New.

GILBERT, J. R. A. McWhorter et al. brought suit against the Bank of Menlo et al., alleging that in 1920 the petitioners and defendants, with the exception of the Bank of Menlo, were sureties on the bond of A. H. Glenn as tax-collector; that thereafter A. H. Glenn defaulted, and the sureties on his bond became liable to the County of Chattooga; that petitioners made payment of their liabilities to the county, and thus became subrogated to the rights of the county against the Bank of Menlo; that the individual defendants named in the suit refused to join therein with the petitioners, and it became necessary to make them defendants in order that the rights of all the parties might be adjusted; that during the year 1920 A. H. Glenn deposited in the Bank of Menlo a named sum, said deposit being carried in the bank under the name of "A. H. Glenn, T. C." which was understood by the Bank of Menlo to mean "tax-collector;" that this money was known by the Bank of Menlo to be county funds; that the Bank of Menlo, notwithstanding this knowledge, cashed a check of a named sum payable to order of H. M. Hawkins, signed by A. H. Glenn, T. C., which sum was in payment of a debt that A. H. Glenn owed to H. M. Hawkins; that the Bank of Menlo cashed another check of a named sum, payable to the Bank of Menlo and given by A. H. Glenn, tax-collector, in payment of notes from Glenn to the Bank of Menlo. Petitioners alleged that they were entitled to be subrogated to the county, and prayed settlement of the aforesaid checks with interest thereon.

To the petition as originally filed was attached as an exhibit the bond made by said tax-collector and payable to the Governor of Georgia and his successors in office. To the case as thus made the defendants filed a general demurrer, which was overruled, and the defendants excepted. That judgment was reversed by this court. *McWhorter* v. *Bank of Menlo,* 160 *Ga.* 894 (129 S. E. 433). It was held: "The bond set out in the petition was a statutory bond for protection of the State under the first clause of Civil Code § 1207, which provides: 'He shall . . give bond and security for thirty-three and one third per cent. more than the State tax supposed to be due from the county for the year for which said officer is required to give bond, the amount of the bond to be filled up by the comptroller-general before being sent out to the county from the executive office; and shall give another bond with sufficient se-

curity, payable to the ordinary, conditioned for the faithful performance of his duties as collector of the county tax, in a sum to be fixed by such ordinary.' The said bond so set out in the petition does not amount to insurance of the county against loss by defalcations, by the principal, of county funds under the second clause of the above-quoted code section. Accordingly the petition fails to allege facts which show that the petitioners, as security on the bond set out in the petition, were liable under that bond to the county for alleged defalcations of county funds." Before the remittitur was filed in the lower court, and before the judgment of this court was made the judgment of that court, the petitioners offered an amendment striking from the petition the exhibit, to wit, the statutory bond made payable to the Governor, and substituting in lieu thereof the statutory bond made payable to the ordinary to indemnify the county as provided under the Civil Code (1910), § 1207. The defendants having objected to the allowance of said amendment, the court sustained the objection and rejected the amendment. To this judgment the plaintiffs excepted, and this exception constitutes the sole assignment of error.

We think the court erred in refusing to allow the amendment. The gist of the action was the alleged misapplication or wrongful payment of the funds of the county by the bank on individual checks of A. H. Glenn for the individual benefit of Glenn. The bond merely showed the relationship of the petitioners to the cause of action, and why they were subrogated to the rights of the county. The amendment did not set up a new cause of action. If the amendment had been allowed, the cause of action would still have been based upon the main question—whether the bank had committed the wrong alleged in the petition. The same plaintiff and the same defendants constituted the parties, and in this respect no change would have been made by the amendment. After the amendment, had it been allowed, the allegations of the petition would have shown the petitioners to be subrogated to the rights of the county. Civil Code (1910), § 3567. As amended, the petition would have alleged a cause of action.

*Judgment reversed. All the Justices concur.*